# GAS COMPANIES — INJUNCTION — MUNICIPAL CORPORA= TIONS.

[Clark (2nd) Circuit Court, May 17, 1907.]

Wilson, Sullivan and Dustin, JJ.

\*Springfield (City) v. Springfield Gas Company.

1. Power of City Solicitor to Enjoin Public Service Corporation from Vio- lating its Obligations to City and Inhabitants Notwithstanding Ordinance.

A city solicitor has authority under Sec. 1777 Rev. Stat., to institute suit. in the name of the municipality to enjoin a public service corporation from violating its obligations to the city and its inhabitants. Such an. action will lie, · notwithstanding the corporation is acting under color of an ordinance, if the provision of the ordinance complained of is in excess of the power of council to grant.

2. Natural Gas Company Compelled to Furnish Gas for Illuminating Pur- poses Although Grant Excludes Such Use.

A municipality is without authority to prescribe by ordinance that a com- modity acquired by its inhabitants shall not be used for any purpose that is not dangerous or injurious; hence, a provision in an ordinance embodying a grant to a natural gas company, that gas shall not be furnished for illuminating purposes, but only for heating and power, is void, and the company may be compelled to either furnish gas for illuminating purposes or abandon its rights in the streets.

3. Provision Requiring Notice before Turning Natural Gas into Artificial. Gas Pipes Reasonable.

A provision requiring notice to a natural gas company before a consumer may turn natural gas into artificial gas pipes is reasonable in view of increased pressure and danger; but the piping being in suitable and. safe condition· therefor the consumer is entitled to immediate service. Dustin, J.

4. Artificial Gas Company upon Absorption of Natural Gas Company Estopped to Assert Invalid Limitations against the Latter.

An artificial gas company having purchased and absorbed a competing natural gas company is estopped to restore and continue an invalid limitation of rights prescribed by ordinance against the latter. Dustin,. J.

[Syllabus approved by the court.]

Appeal from Clark common pleas court.

S. L. Tatum, city solicitor, for plaintiff:

The consumer's property rights. *Northwestern O. Nat. Gas Co.* v. *Ullery,* 68 Ohio St. 259 [67 N. E. Rep. 494]; Thornton, Oil & Gas. Secs. 10, 12, 18, 19, 350, 351, 352, 353, 384, 542, 559, 604, 615, 743; *Emerson* v. *Commonwealth,* 108 Pa. St. 111; *State* v. *Oil, Gas & Min. Co.* 120 Ind. 575 [22 N. E. Rep. 778; 6 L. R. A. 579]; *Woods* v. *People,* 222 Ill. 293 [78 N. E. Rep. 607; 7 L. R. A. (N. S.) 520; 113 Am. St.

---

\*Affirmed, no op., *Springfield Gas Co.* v. *Springfield,* 81 Ohio St. 537.

Springfield v. Gas Co.

Rep. 415]; *Commonwealth* v. *Shaw,* 86 Mass. (4 Allen) 308 [81 Am. Dec. 706]; *Columbus (City)* v. *Gas Co.* 76 Ohio St. 309 [81 N. E. Rep. 440]; *Zanesville* v. *Fannan,* 53 Ohio St. 605 [42 N. E. Rep. 703; 53 Am. St. Rep. 664]; *Columbus Gas. Light & C. Co.* v. *Columbus,* 50 Ohio St. 65 [33 N. E. Rep. 292; 19 L. R. A. 510; 40 Am. St. Rep. 648]; *Gas-light Co.* v. *Zanesville,* 47 Ohio St. 35 [23 N. E. Rep. 60]; *Zanesville* v. *Gaslight Co.* 47 Ohio St. 1 [23 N. E. Rep. 55]; *State* v. *Gas Light & C. Co.* 34 Ohio St. 572 [32 Am. Rep. 390]; *Cincinnati, H. & D. Ry.* v. *Bowling Green,* 57 Ohio St. 336 [49 N. E. Rep. 121; 41 L. R. A. 422]; *Munn* v. *Illinois,* 94 U. S. 113 [24 L. Ed. 77]; *Schmeer* v. *Gas Light Co.* 147 N. Y. 529 [42 N. E. Rep. 202; 30 L. R. A. 653]; *Shepard* v. *Gas Light Co.* 6 Wis. 526; *Baily* v. *Gas-Fuel Co.* 193 Pa. St. 175 [44 Atl. Rep. 251]; *Richmond Nat. Gas Co.* v. *Clawson,* 155 Ind. 659 [58 N. E. Rep. 1049; 51 L. R. A. 744]; *Callen* v. *Electric Light Co.* 66 Ohio St. 166 [64 N. E. Rep. 141; 58 L. R. A. 782]; *State* v. *Pipe Line Co.* 61 Ohio St. 520 [56 N. E. Rep. 464]; *Tod* v. *Wick Bros.* 36 Ohio St. 370; *Bank of Toledo* v. *Toledo,* 1 Ohio St. 622; 1 Blackstone, Commentaries 129, 138.

The policy of the state. *State* v. *Gas Light & C. Co.* 18 Ohio St. 262; *Townsend* v. *Circleville,* 78 Ohio St. 122 [84 N. E. Rep. 792; 16 L. R. A. (N. S.) 914]; *Ravenna* v. *Railway,* 45 Ohio St. 118 [12 N. E. Rep. 445]; *Bloom* v. *Xenia,* 32 Ohio St. 461; *Circleville Light & P. Co.* v. *Gas Co.* 69 Ohio St. 259 [69 N. E. Rep. 436]; *Gale* v. *Kalamazoo,* 23 Mich. 344 [9 Am. Rep. 80]; *Columbus Gas Light & C. Co.* v. *Columbus,* 50 Ohio St. 65 [33 N. E. Rep. 292; 19 L. R. A. 510; 40 Am. St. Rep. 648]; *Columbus* v. *Heating & Light Co.* 16 Dec. 311; *Kumler* v. *Cincinnati,* 8 Dec. Re. 161 (6 Bull. 82); *Kumler* v. *Silsbee,* 38 Ohio St. 445; *State* v. *Boyce,* 43 Ohio St. 46 [1 N. E. Rep. 217]; *Louisville Trust Co.* v. *Cincinnati,* 10 O. F. D. 112 [76 Fed. Rep. 296; 22 C. C. A. 334]; *Columbus (City)* v. *Gas Co.* 76 Ohio St. 309 [81 N. E. Rep. 440]; *Zanesville* v. *Fannan,* 53 Ohio St. 605 [42 N. E. Rep. 703; 53 Am. St. Rep. 664].

Unreasonableness and monopoly. 1 Thompson, Corporations Secs. 1010, 1024; Dillon, Mun. Corp. Secs. 311, 312, 319, 322; Smith, Mun. Corp. Secs. 525, 527; Abbott, Mun. Corp. Secs. 536, 537, 545, 547; McQuillan, Mun. Ord. Secs. 19, 181, 194; Thornton, Oil & Gas Sec. 537; *Marietta* v. *Fearing.* 4 Ohio 427; *Markle* v. *Akron (Town Council),* 14 Ohio 586; *Collins* v. *Hatch,* 18 Ohio 523 [51 Am. Dec. 465]; *Canton* v. *Nist,* 9 Ohio St. 439; *Thompson* v. *Mt. Vernon,* 11 Ohio St. 688.

Clark County.

The charter limitation. *Circleville Light & P. Co.* v. *Gas Co.* 69 Ohio St. 259 [69 N. E. Rep. 436]; *Coe* v. *Railway,* 10 Ohio St. 372 [75 Am. Dec. 518]; *Columbus (City)* v. *Gas Co.* 76 Ohio St. 309 [81 N. E. Rep. 440].

The ordinance limitation. *State* v. *Traction Co.* 10 Circ. Dec. 212 (18 R. 490), affirmed, *State.* v. *Traction Co.* 64 Ohio St. 272 [60 N. E. Rep. 291].

The meter applications. *Cincinnati, H. & D. Ry.* v. *Bowling Green,* 57 Ohio St. 336 [49 N. E. Rep. 121; 41 L. R. A. 422]; *State* v. *Railway,* 47 Ohio St. 130 [23 N. E. Rep. 928; 7 L. R. A. 319]; *State* v. *Telephone Co.* 36 Ohio St. 296 [38 Am. Rep. 583]; Thornton, Oil & Gas Sec. 526; *Gibbs* v. *Gas Co.* 130 U. S. 396 [9 Sup. Ct. Rep. 553; 32 L. Ed. 979]; *Thomas* v. *Railway,* 101 U. S. 83 [25 L. Ed. 950].

Grounds of estoppel. *Circleville Light & P. Co.* v. *Gas Co.* 69 Ohio St. 259 [69 N. E. Rep. 436]; *Columbus (City)* v. *Gas Co.* 76 Ohio St. 309 [81 N. E. Rep. 440].

The city's right of action. *Elyria Gas & Water Co.* v. *Elyria,* 57 Ohio St. 374 [49 N. E. Rep. 335]; *State* v. *Bowers,* 26 O. C. C. 326 (4 N. S. 345), affirmed, *Bowers* v. *State,* 70 Ohio St. 423; *Dorgan* v. *Columbus,* 12 Dec. 121; *Fergus* v. *Columbus (City),* 8 Dec. 290 (6 N. P. 82); *Elyria* v. *Railway,* 12 Dec. 609; *Rogers* v. *Railway,* 12 Dec. 136; *Horstman* v. *Railway,* 13 Dec. 670 (1 N. S. 25); *Gas-Light Co.* v. *Zanesville,* 47 Ohio St. 35 [23 N. E. Rep. 60]; *Chillicothe* v. *Gas & Fuel Co.* 11 Dec. 24 (8 N. P. 88); *Logan Nat. Gas & F. Co.* v. *Chillicothe,* 65 Ohio St. 186 [62 N. E. Rep. 122]; *Cincinnati* v. *Railway,* 16 Dec. 220 (3 N. S. 489); *Interurban Ry. & Term. Co.* v. *Cincinnati,* 75 Ohio St. 196 [79 N. E. Rep. 240]; *Saxton* v. *Seiberling,* 48 Ohio St. 554 [29 N. E. Rep. 179]; *Piqua* v. *Zimmerlin,* 35 Ohio St. 507.

**Martin & Martin,** for defendant:

The city council has the right in granting a franchise for the use of its streets to prescribe the limitations and conditions under which said streets shall be used by a public service corporation. *Toledo* v. *Gas Co.* 3 Circ. Dec. 273 (5 R. 557); *Kumler* v. *Silsbee,* 38 Ohio St. 445.

There was no condition that the Natural Gas Company should not exercise its corporate powers. *State* v. *Railway,* 24 O. C. C. 609 (1 N. S. 145); *Citizens' St. Ry.* v. *Railway,* 64 Fed. Rep. 647; *Sims* v. *Railway,* 37 Ohio St. 556; *State* v. *Gas Co.* 37 Ohio St. 45; 2 Abbott, Mun. Corp. Sec. 565, citing *Hazlehurst* v. *Baltimore,* 37 Md. 199; Booth, St.

Springfield v. Gas Co.

Rys. Sec. 16; *Forman* v. *Railway*, 40 La. Ann. 446 [4 So. Rep. 246]; *Hinchman* v. *Railway*, 17 N. J. Eq. (2 Green) 75 [86 Am. Dec. 252]; *Hogencamp* v. *Railway*, 17 N. J. Eq. (2 Green) 83; Cooley, Const. Lim. 253; *State* v. *Traction Co.* 10 Circ. Dec. 212 (18 R. 490); *State* v. *Traction Co.* 64 Ohio St. 272 [60 N. E. Rep. 291].

If the original contract was not binding as *ultra vires*, then there can be no contract to enforce. *Toledo* v. *Gas Co.* 3 Circ. Dec. 273 (5 R. 557).

Power to amend and impose new obligations. *People* v. *Railway*, 118 Ill. 113 [7 N. E. Rep. 116]; *Electric Ry.* v. *Grand Rapids*, 84 Mich. 257 [47 N. W. Rep. 567]; *Langdon* v. *New York*, 93 N. Y. 129; *Asheville St. Ry.* v. *Asheville*, 109 N. C. 688 [14 S. E. Rep. 316]; *Rio Grande Ry.* v. *Brownsville*, 45 Tex. 88; *Hudson Tel. Co.* v. *Jersey City*, 49 N. J. Law 303 [8 Atl. Rep. 123; 60 Am. Rep. 619]; *New Orleans* v. *Telephone & Tel. Co.* 40 La. Ann. 41 [3 So. Rep. 533].

The contract is nonseverable. *Piqua* v. *Zimmerlin*, 35 Ohio St. 507; McQuillin, Mun. Ord. Sec. 295; 1 Page, Contracts Sec. 509; Thornton, Oil & Gas Sec. 478; *Findlay Gaslight Co.* v. *Findlay*, 1 Circ. Dec. 463 (2 R. 237); *Kentucky Heating Co.* v. *Gas Co.* 23 Ky. L. Rep. 730 [63 S. W. Rep. 751].

Gas belongs to the consumer. *Philadelphia Co.* v. *Park Bros.* 138 Pa. St. 346 [22 Atl. Rep. 86]; Johnston's Appeal, 7 Atl. Rep. 167 (Pa.).

The municipality has control of its streets and can direct their uses. *Lake Shore & M. S. Ry.* v. *Elyria*, 7 Circ. Dec. 312 (14 R. 48); *Hamilton & Elec. Trans. Co.* v. *Hamilton*, 4 Dec. 10 (1 N. P. 366); *Millcreek Val. St. Ry.* v. *St. Bernard*, 11 Dec. 454 (8 N. P. 288).

Heat and power act. *Kumler* v. *Cincinnati*, 6 Dec. Re. 1018 (9 Am. L. Rec. 547); *Kumler* v. *Silsbee*, 38 Ohio St. 445.

The above "heat and power act" includes natural gas, as determined by the courts. *Toledo* v. *Gas Co.* 3 Circ. Dec. 273 (5 R. 557).

Presumption in favor of the validity of statute or ordinance. *Lehman* v. *McBride*, 15 Ohio St. 573; *Burt* v. *Rattle*, 31 Ohio St. 116; *Moerder* v. *Fremont*, 10 Circ. Dec. 501 (19 R. 394); *Circleville Light & P. Co.* v. *Gas Co.* 69 Ohio St. 269 [69 N. E. Rep. 436].

A municipal corporation cannot permit a public service corporation to exercise a power which it has not expressly granted. *State* v. *Taylor*, 55 Ohio St. 61 [44 N. E. Rep. 513].

How may a municipal corporation contract. *Bloom* v. *Xenia*, 32 Ohio St. 461; *Lima Gas Co.* v. *Lima*, 2 Circ. Dec. 396 (4 R. 22).

Clark County.

Effect of contract made contrary to law. *Buchanan Bridge Co.* v. *Campbell,* 60 Ohio St. 406 [54 N. E. Rep. 372].

Where there is an express contract there can be no implied one. *Buchanan Bridge Co.* v. *Campbell.* 60 Ohio St. 406 [54 N. E. Rep. 372]; *Wellston (City)* v. *Morgan,* 65 Ohio St. 219 [62 N. E. Rep. 127].

Power to use natural gas for heat, and to use it for light, two distinct and separate corporate and contract powers. *Baily* v. *Gas-Fuel Co.* 193 Pa. St. 175 [44 Atl. Rep. 251]; *Emerson* v. *Commonwealth,* 108 Pa. St. 111; *Philadelphia* v. *Park Bros.,* 138 Pa. St. 346 [22 Atl. Rep. 86]; *Kentucky Heating Co.* v. *Gas Co.* 23 Ky. L. Rep. 730 [63 S. W. Rep. 751]; *Richmond Nat. Gas Co.* v. *Clawson,* 155 Ind. 659 [58 N. E. Rep. 1049; 51 L. R. A. 744].

Usage cannot in this case create a contract. *People's Gaslight & C. Co.* v. *Hale,* 94 Ill. App. 406.

SULLIVAN, J.

This case comes into this court on appeal. It is pending on a general demurrer to the petition, and also on a motion to dissolve the temporary restraining order. They present the same questions. Each admits the averments of the petition.

The demurrer was sustained by the court below, and the city not desiring to amend, its petition was dismissed, and a judgment entered against it for costs, from which judgment the city took an appeal.

The thorough and extensive briefs prepared and presented by the respective counsel show great and well directed industry, and have relieved the court, in its consideration of the case, from a great deal of labor. How far the authorities of other states cited are dependent upon the statutes of those states, where they are in apparent conflict with those of the courts of our own state, not having access to those statutes, we are not able to determine. However, we are of the opinion that those of our own state fully support the conclusion we have reached upon this demurrer.

Counsel for defendant contend, first, that the city solicitor has not the authority to institute this action in the name of the city.

We will not read the petition, but simply state the substance of it. It sets forth that the plaintiff is a municipal corporation, classed as a city; that the defendant is a corporation organized under the laws of Ohio; that it was incorporated under the name of the Springfield Gas Light & Coke Company. A copy of its charter is attached to the petition. That in pursuance of the powers granted by said charter, it erected gas works, laid its mains and other pipes in the streets and al-

Springfield v. Gas Co.

leys of the city, and upon the completion of the same began to deliver to the city and its inhabitants artificial gas manufactured by it, and ever since said date and now is manufacturing and selling artificial gas to the city and its inhabitants; that on January 21, 1906, its charter was amended; a copy of the amendment is also attached to the petition.

The charter before this amendment authorized the defendant to manufacture and sell artificial gas only. By the amendment it is authorized to sell and deliver gas to the city and the inhabitants thereof, no matter how produced.

On June 4, 1889, the council of the city, by ordinance, granted to the Springfield Natural Gas Company, a corporation organized under the laws of Ohio, the right to lay and maintain, in the streets and alleys of the city, pipes for the purpose of conveying through the same and supplying the city and its inhabitants with natural or produced gas for heating, fuel and power purposes only. A copy of the ordinance is attached to the petition.

Some time in the year 1896 or 1897, the exact date the city is unable to state, the defendant acquired by purchase or otherwise all the property of the Springfield Natural Gas Company, including its pipes, appliances and franchises, and ever since, and is now, the owner of and in the exercise and enjoyment of the privileges and franchises granted said natural gas company by the city.

At the time of granting said franchise to the said natural gas company, the city, by ordinance, fixed the price of natural gas to be paid by the consumer at ten cents per thousand cubic feet, and the price of artificial gas was $1.50 per thousand cubic feet.

The city claims, and so avers, that its council had no authority to limit the use of natural gas to that of heat, fuel and power, when the use of it for illumination was one of its legitimate and recognized uses, supplying as safe, as good, and cheaper light than artificial gas. That the limitation was in contravention of the rights and interests of the people of the city, and in derogation of the right to use one's property for such purposes as one chooses.

The city then avers that the natural gas company did not regard the limitation, and in every instance, where a purchaser of natural gas used it for illuminating purposes, the company offered no objection, but furnished it for such purpose and accepted pay therefor; and that now natural gas is being furnished to a number of inhabitants of said city, and used by them for illuminating purposes. And this was done, and is being done, under the charter of the natural gas company, and with

the knowledge of the city and its officers, and was done with the knowledge of the natural gas company, and also of the defendant; that with the knowledge that natural gas was being supplied to customers for illuminating purposes, and in good faith relying upon the supply for such purposes being continued, many inhabitants of said city, at great expense, have equipped their residences with appliances for the use of natural gas for such purposes; that on May 14, 1906, council of said city passed an ordinance fixing the price of natural gas at twenty-five cents per thousand cubic feet, for the period of three years after that date; that by virtue of all the foregoing facts, a contract has resulted between the city and the defendant, whereby the defendant is legally bound to supply the city and its inhabitants with natural gas for illuminating purposes, as well as those of heating, fuel and power; that the city is the owner of a certain piece of property, described in its petition, fully equipped for the use of natural gas for lighting purposes; that a number of the city's inhabitants have equipped their respective properties for the like use of natural gas, and are now using the same for such purpose, and that the defendant threatens to and will, unless restrained, in every one of said properties disconnect the appliances necessary and in use for the utilization of natural gas for lighting purposes—and the defendant threatens and, unless restrained, if the city and its inhabitants persist in the use of natural gas for illuminating purposes, will not supply either with natural gas for any purpose—and the city therefore prays that it may have a temporary restraining order preventing the defendant from executing any or all of said threatened wrongs, and that it may have a perpetual injunction against the defendant, and for all other and further relief in equity, to which it may be entitled upon proof of the facts set forth in its petition.

The question as to whether, under Sec. 1777 Rev. Stat., the city solicitor is authorized to institute this action, is one we think of not much difficulty. The claim here is that the defendant is violating its obligations to the city and its inhabitants, and its duty to the public, arising out of the facts averred herein, as to the respective easements granted to it and the natural gas company by the city, and that the defendant should either be compelled to discharge its obligation and its duty to the public, or its rights and privileges granted by said easements should be forfeited.

Said section authorizes the city solicitor to bring suit in the name of the city for such purposes. By said section, the city solicitor is also authorized to bring suit in the name of the municipality, challenging

Springfield v. Gas Co.

any act of its council where it is in excess or an abuse of its corporate power.

It is claimed that Sec. 1 of the ordinance, passed June 4, 1889, is void; that the limitation fixed by that section of the ordinance upon the use of natural gas was an act in excess of the city's corporate power.

In either or both cases we think the city solicitor is clearly authorized by Sec. 1777 Rev. Stat. to bring suit in the name of the corporation.

The facts set forth in the petition, being admitted by the demurrer, do they make it legally incumbent upon the defendant to supply the city, and such of its inhabitants as may desire it, natural gas for illuminating purposes?

The legislature has expressly provided that corporations organized for the purpose of lighting municipalities, etc., may supply natural gas for such purposes; that such corporations shall have the power of eminent domain. They belong to the class known as public service corporations. Their property is "devoted to a use in which the public have an interest and to the extent of that interest must submit to be controlled by the public for the common good so long as such use is maintained." *Munn* v. *Illinois*, 94 U. S. 113 [24 L. Ed. 77].

Although authorized by the legislature to occupy the streets and alleys of a city or village, yet the terms and conditions upon which a corporation may do this are to be fixed by the latter. The municipality fixes the price to be charged for the gas, etc., furnished. The city could not grant to the Springfield Gas Light & Coke Company the exclusive use of its streets and alleys to lay its pipes to furnish artificial gas for lighting purposes; neither could it grant to the natural gas company the exclusive use of the streets and alleys to supply natural gas for heat, fuel and power. This latter company could have had included in its charter express corporate authority to supply the city of Springfield and its inhabitants with natural gas for illuminating purposes. It is not apparent how the state could have had any interest in omitting or withholding such power. We think it could not have been suggested by state authority.

The effect of the omission or the withholding of such corporate authority was the creation of a monopoly in the Springfield Gas Light & Coke Company to furnish gas to the city and its inhabitants for lighting purposes. The petition avers that the use of natural gas for light was just as safe, gives just as good light as the artificial gas, and was and is much cheaper. The effect therefore was to destroy competition

and prevent the public from availing itself of the cheaper commodity; and notwithstanding the charter of the natural gas company did not include authority to furnish natural gas for illuminating purposes, it could still do so. *Circleville Light & P. Co.* v. *Gas Co.* 69 Ohio St. 259 [69 N. E. Rep. 432]; *Circleville Light & P. Co.* v. *Gas Co.* 24 O. C. C. 684 (1 N. S. 526).

The company could, we think, contract with the city and its inhabitants to supply both with natural gas for such purpose. It seems to have understood this to be its right, and hence at the time it sold and transferred all of its property, including its franchises in the streets and alleys of the city, it was and had theretofore been furnishing. natural gas for such purpose. This was generally known by those in control of both companies.

The defendant, acquiring by purchase all the rights, privileges and franchises of the natural gas company in the city's streets and alleys, for the conveyance and sale of natural gas to the city and its inhabitants, and continuing in the use of said streets and alleys for such purpose, its obligation to the city and its inhabitants is the same as that of the natural gas company. The latter became legally bound to continue to supply those with whom it had contracted to furnish the gas for light, so long as it exercised its easement in the streets and alleys. It could not discriminate between any of the inhabitants, by furnishing to some and refusing others, and therefore would be bound to furnish it for light to all who desired it, complying with the requisites of the company and paying for the gas. In our opinion, the same obligation rests upon the defendant.

Under the rule that one has the right to make such use of his property as one may choose, such use not being unlawful nor injurious to the person or property of others, the purchaser of natural gas, after the commodity became his property, may use it for lighting his premises upon a compliance with the company's method for its deliverance.

A municipality has not the authority to prescribe by ordinance that its inhabitants shall not use property acquired for any purpose, neither dangerous nor injurious.

This court held, in the case of *State* v. *Traction Co.* 10 Circ. Dec. 212 (18 R. 490), that where a city grants permission to a street railway company to construct its road in its streets, it may not do so upon the condition that the company does not exercise one of its corporate powers, and therefore a condition or regulation that the company shall not carry

Springfield v. Gas Co.

freight, is void. This judgment was afterwards affirmed by the Supreme Court, *State* v. *Traction Co.* 64 Ohio St. 272 [60 N. E. Rep. 291].

If a city ordinance containing such regulation is void, for the want of power in the city to exact such a condition, it follows, we think, that an ordinance limiting the use of a commodity, such as natural gas, conceded to be safe and available for illuminating purposes, to that of fuel, heat and power, is void also for the same reason. If the city cannot in the one case, for the lack of power, require the corporation to contract away the right to exercise one of its corporate powers, it would certainly be without power in the other case to deprive the city and its inhabitants, by ordinance, of a common right.

We are therefore of the opinion that Sec. 1 of the ordinance passed on June 4, 1889, in so far as it limits the use of natural gas to that of fuel, heat and power, is void.

It is contended by counsel for the defendant that the remedy here sought, being that of specific performance, that upon the facts stated in the petition, such a decree could not be executed. The prayer of the petition is in the alternative, and if the facts stated should be fully sustained by competent testimony, a court of equity would have no difficulty in discovering a remedy to correct the evil.

We are, therefore, of the opinion that neither the demurrer nor motion are well taken, and the same are therefore overruled, at the cost of the defendant.

Dustin and Wilson, JJ., concur.

DEMURRER TO ANSWER.

DUSTIN, J.

Upon a review of the arguments and citations of counsel, we have reached the following conclusions:

First. A municipality cannot limit a franchise granted by the state except where it would prove dangerous or injurious to the city or its inhabitants.

Second. The amended franchise acquired by the defendant since its purchase of the Natural Gas Company allowed it to sell natural gas for illuminating purposes.

Third. The exclusion by ordinance, of the right of the Natural Gas Company, to sell natural gas for illuminating purposes, when the same would be beneficial, practical and safe, is invalid because inimical

Clark County.

to the best interests of the people, and of the Natural Gas Company, itself, and hence against public policy.

The city council has no power to legislate except for the public welfare; and attempted legislation exclusively for private interests is void to the extent of such favoring clauses and restrictions, and the courts have the right to so decide. *State* v. *Robins*, 71 Ohio St. 273-291 [73 N. E. Rep. 470; 69 L. R. A. 427].

Fourth. Such limitations are also monopolistic in tendency, and therefore invalid.

Fifth. *Walla-Walla* v. *Water Co.* 172 U. S. 1 [19 Sup. Ct. Rep. 77; 43 L. Ed. 341], and similar cases do not hold to the contrary. They simply forbid the impairment by a municipality of a contract with a public service corporation.

In the case at bar, the contract of the Natural Gas Company with the city is not impaired by this construction, it is enlarged. It is only the competing company that is injured, and *it* is estopped to complain; nor can it, by the purchase and absorption of its competitor, restore and continue the limitation or rights which would redound only to the benefit of the purchaser.

Sixth. This construction does not make a contract by implication between the city and the gas company. It eliminates the invalid restrictions of the express contract and allows the ordinance so excised to stand.

Seventh. The enforced contracts between the gas company and its customers containing the above restrictions are, to that extent, unreasonable and nonenforceable.

The provision requiring notice to the company before a consumer may turn natural gas into artificial pipes, is reasonable, in view of the increased pressure and danger, but where the piping is in suitable condition to convey the natural gas in safety, the consumer is entitled to have the same turned in at once.

The demurrer to the answer will be sustained.

**Wilson** and **Sullivan, JJ.,** concur.